IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILAUDI KARBOAU, | ) | No. C 12-00705 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| EMMANUEL EKE ENYINWA, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, proceeding pro se, filed a civil law suit against his former attorney Defendant Emmanuel Eke Enyinwa. For the reasons discussed below, this case is DISMISSED without prejudice.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

1  699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was
4  violated, and (2) that the alleged violation was committed by a person acting under the
5  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

6      Plaintiff claims his former attorney Defendant Enyinwa violated his ethical and
7  professional responsibilities in representing Plaintiff during deportation proceedings in
8  San Francisco, California.  Plaintiff claims that Defendant violated his right to effective
9  assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).  Plaintiff
10 claims that this Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3).

11     Plaintiff's civil action against his former attorney must be dismissed.  Attorneys in
12 private practice are not state actors.  See Simmons v. Sacramento County Superior Court,
13 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th
14 Cir. 1996) (attorneys are private actors).  Services performed by a private attorney in
15 connection with a lawsuit do not constitute action under color of state law.  See Franklin
16 v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-
17 56 (9th Cir. 1977).  And claims for legal malpractice do not come within the jurisdiction
18 of the federal courts.  See Franklin, 662 F.2d at 1344.  Accordingly, this action must be
19 dismissed to Plaintiff filing it in a state action.

20

21 **CONCLUSION**

22     For the foregoing reasons, this action is hereby DISMISSED for lack of federal
23 jurisdiction.  The Clerk shall terminate all pending motions as moot.

24

25 DATED:  6/26/2012

                                EDWARD J. DAVILA
26                                 United States District Judge

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MILAUDI KARBOAU,

        Plaintiff,

  v.

EMMANUEL EKE ENYINWA,

        Defendant.
                                    /

Case Number: CV12-00705 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    6/27/2012   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Milaudi Karboau
1818 NE Marin Luther King Blvd
Portland, OR 97212

Dated:    6/27/2012

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk